IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ALEXCIA GOODWIN, individually as parent and natural guardian of KAEDEN PAYNE, a minor,** ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Case No. _____ |
| **MEMPHIS' INCREDIBLE PIZZA COMPANY, LLC d/b/a INCREDIBLE PIZZA COMPANY,** ) ) ) ) | Removed from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant, Memphis' Incredible Pizza Company, LLC d/b/a Incredible Pizza Company ("Defendant"), by and through counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis to the United States District Court for the Western District of Tennessee, Western Division on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As grounds for the Notice of Removal, Defendant states as follows:

### I.   PROCEDURAL BACKGROUND

1. On June 1, 2022, Plaintiff, Alexcia Goodwin, individually as parent and natural guardian of Kaeden Payne, a minor ("Plaintiff"), filed a complaint against Memphis' Incredible Pizza Company, LLC, in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, now pending as Civil Action No. CT-2168-22. The Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis is a state court within this judicial district and division.

2. Defendant was personally served with a copy of the summons and complaint on June 8, 2022. Therefore, this notice of removal is timely filed within thirty (30) days of service of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1).

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the state court action are collectively attached hereto as *Exhibit 1*.

## II.   GROUNDS FOR REMOVAL

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally.—
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. The parties here are citizens of different states, and, as determined by 28 U.S.C. § 1446(c), the amount in controversy in this case is greater than $75,000.

### A. Citizenship of the Parties

7. There is complete diversity of citizenship between Plaintiff and Defendant.

8. Plaintiff, Alexia Goodwin, is alleged in the complaint to be a citizen and resident of Memphis, Shelby County, Tennessee. See **Exhibit 1**, Complaint.

9. Defendant, Memphis' Incredible Pizza Company, LLC, is a Missouri limited liability company with its principal place of business located at 909 E. Republic Rd., Ste A-200, Springfield, Missouri 65807.

10. The complaint makes no allegation of the citizenship of any members of Defendant. See **Exhibit 1**, Complaint. For purposes of determining whether diversity jurisdiction exists, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)).

11. Defendant, Memphis' Incredible Pizza Company, LLC, is a sole member limited liability corporation. The sole member is the Revocable Qualified Spousal Trust of Richard A. Barsness and Cheryl L. Barsness. Richard A. Barsness and Cheryl L. Barsness, are the only shareholders of the Revocable Qualified Spousal Trust of Richard A. Barsness and Cheryl L. Barsness and both shareholders are residents and citizens of Greene County, Missouri. Therefore, Defendant, Memphis' Incredible Pizza Company, LLC, has the citizenship of Missouri. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016) (holding that a real estate investment trust possessed the citizenship of all its members and that those members were its shareholders).

12. Because Defendant is a citizen of Missouri and Plaintiff is a citizen of Tennessee, there is complete diversity between the parties. Defendant is not a citizen of Tennessee and therefore, removal of this case is proper. *See* 28 U.S.C. §1441(b)(2).

**B.     Amount in Controversy**

13. As required by 28 U.S.C. §§ 1332(a) and 1446(c), the amount in controversy in this action exceeds $75,000.

14. Plaintiff's complaint seeks damages in the amount of Two Hundred Ninety-Five Thousand Dollars and 00/100 ($295,000.00) for negligence, fright and shock, bodily injury, inability to enjoy the normal pleasures of life, medical bills, physical and mental pain and suffering, and permanent injury. *See* **Exhibit 1**, Complaint at pp. 3–4.

15. Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy." Because Plaintiff's complaint seeks damages in the amount of Two Hundred Ninety-Five Thousand Dollars and 00/100 ($295,000.00), the amount in controversy in this case is in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2). The jurisdictional amount in this matter is met, and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, 1441, and 1446. Thus, removal is proper.

### III.     JURISDICTIONAL REQUIREMENTS

16. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

17. Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. §

1446(d). Defendant is also filing a Notice of Removal with the Clerk of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis as provided by law.

18. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Defendant respectfully requests an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

### IV.  NON-WAIVER OF DEFENSES

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to the Federal Rules of Civil Procedure, a motion to transfer pursuant to 28 U.S.C. § 1404(a), or any other challenge that may be appropriate as this case progresses.

WHEREFORE, Defendant respectfully gives notice of its removal of this action to this Court and prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis to the United States District Court for the Western District of Tennessee, Western Division.

Respectfully submitted this 8th day of June, 2022.

        WOOLF, MCCLANE, BRIGHT, ALLEN
        & CARPENTER, PLLC

        /s/ C. Gavin Shepherd
        Dean T. Howell (BPR #022130)
        C. Gavin Shepherd (BPR No. 033066)
        Post Office Box 900
        Knoxville, Tennessee 37901-0900
        (865) 215-1000
        gshepherd@wmbac.com

        *Attorney for Defendant Memphis' Incredible Pizza Company, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

Elissa M. Coombs, Esq.
David E. Gordon, Esq.
The Law Office of David E. Gordon
1805 Poplar Crest Cove, Suite 200
Memphis, TN 38119
(901) 302-9125

This the 8th day of June, 2022.

        /s/ C. Gavin Shepherd
        C. Gavin Shepherd (BPR No. 033066)

5070026.2