

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JUN 0 1 2022

CIRCUIT COURT CLERK
BY_____D.C.

ALEXCIA GOODWIN, individually and as parent
and natural guardian of KAEDEN PAYNE, a minor,

     Plaintiff,

vs.

MEMPHIS' INCREDIBLE PIZZA COMPANY, LLC,

     Defendant.

No.  CT-2168-22
Division IV

---

## COMPLAINT

---

COMES NOW the Plaintiff, Alexcia Goodwin, individually and as parent and natural guardian of Kaeden Payne, a minor, and for her Complaint against the Defendant, Memphis' Incredible Pizza Company, LLC, states as follows:

### JURISDICTION AND VENUE

1.    The Plaintiff, Alexcia Goodwin, is an adult citizen and resident of Memphis, Shelby County, Tennessee and is the parent and natural guardian of Kaeden Payne, a minor.

2.    Upon information and belief, the Defendant, Memphis' Incredible Pizza Company, LLC, is a Missouri limited liability company with a principal office at 909 E. Republic Rd., Suite A-200 Buidling A200, Springfield, MO 65807-6054, and at all times pertinent herein was the owner and operator of the entertainment center known as Incredible Pizza Company located at 1245 N. Germantown Parkway, Cordova, TN 38016.

3.    The facts and circumstances from which this cause of action arises occurred in Cordova, Shelby County, Tennessee.

**EXHIBIT**

tabbies

1

4.     This is a Complaint for personal injuries and damages over which this Court has original jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

5.     Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 in that the events giving rise to the cause of action occurred in Shelby County, Tennessee.

## FACTS

6.     On or about June 12, 2021, Kaeden Payne, a minor, was a guest at the Defendant's entertainment center known as Incredible Pizza Company located at 1245 N. Germantown Parkway, Cordova, TN 38016, when a wooden photo booth stand collapsed and forcefully fell onto him causing injury.

## CAUSES OF ACTION

7.     The incident hereinabove described and the resulting injuries and damages suffered by the Plaintiff and Kaeden Payne were a direct and proximate result of the negligence of the Defendant, as set out more specifically below.

8.     All knowledge, actions, omissions, and negligence of the Defendant's employees/agents at the subject property are imputed to the Defendant on the basis of *respondeat superior*.

9.     The Defendant owed a duty of care to Kaeden Payne.

10.    The wooden photo booth stand which fell onto Kaeden Payne at the subject property was an unsafe condition that created an unreasonable risk of harm.

11.    The Defendant created this unsafe condition and/or knew of this unsafe condition long enough to have corrected it or given adequate warning of it before Kaeden Payne's injury.

12.    The Defendant did not correct the unsafe condition prior to Kaeden Payne's injury.

13.     The Defendant did not give any warning of the unsafe condition prior to Kaeden Payne's injury.

14.     The Defendant breached its duty to Kaeden Payne because the Defendant created the unsafe condition.

15.     Alternatively, the Defendant breached its duty to Kaeden Payne because the Defendant knew of the unsafe condition long enough to have corrected it or given adequate warning of it before Kaeden Payne's injury and the Defendant did not correct it or give any warning of it.

16.     Alternatively, the Defendant breached its duty to Kaeden Payne because the unsafe condition existed long enough that the Defendant, using ordinary care, should have discovered and corrected or given adequate warning of it, and the Defendant did not discover the dangerous condition, correct it, or give any warning of it.

17.     The Defendant's breach of these duties proximately and directly caused the injuries and damages that the Plaintiff and Kaeden Payne sustained.

18.     As a direct and proximate result of the Defendant's negligence, Kaeden Payne suffered injuries for which medical treatment was and is required.

## DAMAGES

19.     As a direct result of the negligent conduct for which the Defendant is liable, Kaeden Payne was rendered sick, sore, lame, and disabled and suffered the following injuries and damages, both past and future:

      (a)    Fright and shock;

      (b)    Bodily injury;

      (c)    Inability to enjoy the normal pleasures of life;

(d)     Medical bills;

(e)     Physical and mental pain and suffering; and

(f)     Permanent injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages in the amount of Two Hundred Ninety-Five Thousand Dollars ($295,000.00).

**FURTHER,** the Plaintiff demands such other relief as may be deemed just and proper.

Respectfully submitted:

Elissa M. Coombs (B.P.R. #22209)
David E. Gordon (B.P.R. #9973)
Attorneys for Plaintiff
1850 Poplar Crest Cove, Suite 200
Memphis, TN  38119
(901) 302-9125 – phone
(901) 432-2292 – fax
emc@davidgordonlaw.com
davidg@davidgordonlaw.com

4

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

ALEXCIA GOODWIN, individually and as parent
and natural guardian of KAEDEN PAYNE, a minor,

    Plaintiff,

vs.                                                                  No.   CT-2168-22
                                                                                Division IV

MEMPHIS' INCREDIBLE PIZZA COMPANY, LLC,

    Defendant.

FILED
JUN 0 1 2022
CIRCUIT COURT CLERK
BY_____ D.C.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT

---

COMES NOW the Plaintiff, Alexcia Goodwin, by and through counsel, and propounds the following First Set of Interrogatories pursuant to Tenn. R. Civ. P. 33 to the Defendant, Memphis' Incredible Pizza Company, LLC. These Interrogatories are to be responded to under oath within forty-five (45) days from the date of service upon the Defendant, Memphis' Incredible Pizza Company, LLC.

**INTERROGATORY NO. 1:**        State the full name, address, employer, and job title of the individual answering, or any individuals who participated in answering, these interrogatories and the requests for production of documents being served herewith.

**INTERROGATORY NO. 2:**        Please state the full name, address, telephone number, e-mail address, employer, and job title of any person(s) known to have knowledge of the any of the circumstances relevant to the incident and damages alleged in the Complaint, including not only the

events of the occurrence itself, but also the events immediately preceding and subsequent thereto and investigation into said incident, and state the expected testimony of each alleged witness regarding this incident.

**INTERROGATORY NO. 3:**      With respect to any expert witnesses you intend to call at the trial of this action, please identify said expert, state the subject matter upon which the expert is expected to testify, state the substance of the facts and opinion to which the expert is expected to testify, and provide a summary of the grounds for each opinion.  In addition, please provide each witness's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

**INTERROGATORY NO. 4:**      If you contend that a third party was responsible, in whole or in part, for this incident, please identify the responsible party and fully describe the actions or omissions that you allege the responsible party took or did not take that constitutes negligence, state the factual basis of your contention, and identify any documents, video, photographs, statements, and/or other tangible evidence that you rely upon.

**INTERROGATORY NO. 5:**      If you asserted any affirmative defense(s) in your Answer to the Complaint, please state the factual basis for each and every affirmative defense raised and identity of each person (by name, occupation, address, title, and relationship to the parties herein) who has knowledge of the factual basis for the affirmative defense and each document (by title, date, author, custodian and a summarization of contents) which supports or negates the

affirmative defense.

**INTERROGATORY NO. 6:**     Please provide the name, address, telephone number, and e-mail address of any person who was injured in any way by the wooden photo booth on the premises where the incident that is the subject of this lawsuit occurred at any time while you occupied the property, and state whether any legal claim or lawsuit was made against you with respect to any such occurrence.

**INTERROGATORY NO. 7:**     Please provide the name, address, telephone number, and e-mail address of any person who was injured in any way on the premises where the incident that is the subject of this lawsuit occurred at any time while you occupied the property, and state whether any legal claim or lawsuit was made against you with respect to any such occurrence.

**INTERROGATORY NO. 8:**     Please provide the name, address, telephone number, and e-mail address of any person who made a complaint of any kind at any time while you occupied the property regarding any condition of the property where the incident that is the subject of this lawsuit occurred.

**INTERROGATORY NO. 9:**     Please provide the name, address, telephone number, and e-mail address of any person who has been injured in any way in the past 10 years on any property that you owned and/or occupied, and state whether any legal claim or lawsuit was made against you with respect to any such occurrence.

**INTERROGATORY NO. 10:**     Please provide the name, address, telephone number, and e-mail address of any person who has made a complaint of any kind at any time while you occupied the property regarding maintenance or any defect or defective condition of any equipment, machinery, fixture, structure, or any other aspect of the property where the incident that is the subject of this lawsuit occurred.

**INTERROGATORY NO. 11:**     Please state with specificity the details of any and all investigations that have been conducted as a result of the incident that is the subject of this lawsuit. Please include in your response the party or parties who conducted the investigation(s), all witnesses who were interviewed, the substance of such interviews, whether notes or other records of such interviews or conversations were made, the results of said investigation, and any measures implemented or undertaken as a result of the investigation.

**INTERROGATORY NO. 12:**     Did any of your employees, agents, contractors, and/or officers receive any type of discipline, corrective action, and/or training as a result of the incident that is the subject of this lawsuit?  If so, identify who received discipline, correction action, and/or training and set forth the extent of the discipline, corrective action, and/or training.

**INTERROGATORY NO. 13:**     Please state by name, address, job title, and job description each of your employees, agents, contractors, and/or officers who were physically present at the property the day of the subject incident, the specific times that each person was present, and your relationship with each person.

- 4 -

**INTERROGATORY NO. 14:**     Please describe in detail how you contend that the incident that is the subject of this lawsuit occurred, describing all events in complete detail, in the order in which they occurred, which had any bearing on the incident.

**INTERROGATORY NO. 15:**     Did the Defendant and any employee, agent, contractor, and/or officer of the Defendant, after the incident that is the subject of this lawsuit, repair, correct, or change any equipment, machinery, fixture, structure, or any other aspect of the property which was involved in any way in the incident.  If "yes," please state:

    (a)    The date and time of each such repair, correction, or change;

    (b)    A full description of each such repair, correction, or change; and

    (c)    The person, firm, or corporation performing each such repair, correction, or change.

**INTERROGATORY NO. 16:**     Please state what precautions, if any, were taken by the Defendant, its agents, or its employees, prior to the incident that is the subject of this lawsuit to prevent injuries to guests or other persons on the premises.

**INTERROGATORY NO. 17:**     Please describe each act or action taken by the Defendant or by any employee, agent, contractor, and/or officer of the Defendant which caused or contributed to the incident that is the subject of this lawsuit.

**INTERROGATORY NO. 18:**     If you contend that Kaeden Payne was negligent in this incident, fully describe the actions or omissions that you allege Kaeden Payne took or did not take that constitutes negligence and identify any documents, video, photographs, statements, and/or other

tangible evidence that you rely upon.

**INTERROGATORY NO. 19:**     Was the incident that is the subject of this lawsuit caused in any way by a defect or defective condition in any equipment, machinery, fixture, or property? If "yes," please identify the equipment, machinery, fixture, or property and describe the defect or defective condition.

**INTERROGATORY NO. 20:**     Please list the following with respect to the wooden photo booth that fell onto Kaeden Payne:

    (a)    The date and time it was made;

    (b)    The date and time it was first used at the property;

    (c)    Whether it is still in use;

    (d)    If it is not still in use, the last date it was used;

    (c)    The name and address of the employee, agent, contractor, and/or officer who made it;

    (d)    The name and address of the employee, agent, contractor, and/or officer who installed it; and

    (e)    The name and address of the employee, agent, contractor, and/or officer who removed it from use.

**INTERROGATORY NO. 21:**     Please list the following with respect to any and all repairs and/or maintenance made to the specific area of the property, including, but not limited to the wooden photo booth that fell onto Kaeden Payne, where the incident that is the subject of this lawsuit occurred at any time while you occupied the property (both before and after the subject

incident):

    (a)    The date and time of the repair and/or maintenance;

    (b)    A description of the work performed; and

    (f)    The name and address of the employee, agent, contractor, and/or officer who performed the maintenance and/or repair.

**INTERROGATORY NO. 22:**    Please give the substance of all communications or conversations between the Plaintiff or any representative of Kaeden Payne and you or any employee, agent, contractor, and/or officer of the Defendant relative to the incident that is the subject of this lawsuit.

**INTERROGATORY NO. 23:**    Did you or any employee, agent, contractor, and/or officer of the Defendant ever take or receive any statement, whether oral or in writing, from any person, including parties, who had information or knowledge relating to the incident that is the subject of this lawsuit. If "yes," please state for each statement:

    (a)    The name, address, telephone number, and e-mail address of the person who gave the statement;

    (b)    The name of the person who took the statement;

    (c)    Whether the person was an eyewitness to the incident at issue;

    (g)    The date of the statement;

    (h)    The substance of the statement;

    (i)    Whether the statement was oral or written;

    (j)    If the statement was oral, whether it has been transcribed; and

(k)     The name and address of the custodian of the statement.

**INTERROGATORY NO. 24:**     As to the training and/or instruction of the Defendant's employees, agents, contractors, and/or officers regarding recognizing conditions as unsafe, correcting unsafe conditions, and/or warning of unsafe conditions, please describe:

(a)     The instructions given to the Defendant's employees, agents, contractors, and/or officers prior to the incident;

(b)     The nature of the Defendant's employees', agents', contractors', and/or officers' compliance or non-compliance with those instructions;

(c)     The name and address of each person who communicated the instructions to the Defendant's employees, agents, contractors, and/or officers;

(d)     The number of times that the instructions were communicated to the Defendant's employees, agents, contractors, and/or officers;

(e)     Each manner in which the instructions were communicated to the Defendant's employees, agents, contractors, and/or officers;

(f)     Whether there was a report or any other documentation made as a result of such training or instruction;

(g)     Whether and how compliance with instructions was monitored and enforced prior to the alleged occurrence;

(h)     Whether there was a report or any other documentation made as a result of such compliance; and

(i)     Whether deviations from policy were common prior to the alleged occurrence.

Respectfully submitted:

_Elissa M. Coombs_

Elissa M. Coombs (B.P.R. #22209)
David E. Gordon (B.P.R. #9973)
Attorneys for Plaintiff
1850 Poplar Crest Cove, Suite 200
Memphis, TN  38119
(901) 302-9125 – phone
(901) 432-2292 – fax
emc@davidgordonlaw.com
davidg@davidgordonlaw.com

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

ALEXCIA GOODWIN, individually and as parent
and natural guardian of KAEDEN PAYNE, a minor,

  Plaintiff,

vs.             No. CT-2168-22
                Division IV

MEMPHIS' INCREDIBLE PIZZA COMPANY, LLC,

  Defendant.

---

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT

---

COMES NOW the Plaintiff, Alexcia Goodwin, by and through counsel, and propounds the following First Requests for Production of Documents pursuant to Tenn. R. Civ. P. 34 to the Defendant, Memphis' Incredible Pizza Company, LLC. These documents are to be provided within forty-five (45) days from the date of service upon the Defendant, Memphis' Incredible Pizza Company, LLC.

**REQUEST NO. 1:** Please produce copies of any document(s) including, but not limited to, videos, photographs, drawings, diagrams, reports, memos, recreations, etc., in your possession, custody or control, related to, depicting, or describing the incident that is the subject of this lawsuit and/or the specific area of the property where the incident that is the subject of this lawsuit occurred.

**REQUEST NO. 2:** Please produce copies of any written or otherwise recorded statement of Kaeden Payne, the Plaintiff, any other representative of Kaeden Payne, or of any person or witness

regarding the incident that is the subject of this lawsuit which is not privileged.

**REQUEST NO. 3:**   Produce any witness statements, incident reports, disciplinary actions, or any other document pertaining to anyone who was injured in any way on the premises where the incident that is the subject of this lawsuit occurred at any time while you occupied the property, including the present case.

**REQUEST NO. 4:**   Please produce all handbooks, job descriptions, and/or policies and procedures applicable at the time of the incident that is the subject of this lawsuit.

**REQUEST NO. 5:**   With respect to the premises where incident that is the subject of this lawsuit occurred, please produce policies, procedure, and protocols applicable at the time of the incident that pertain to:

       (a)    Safety;

       (b)    Unsafe conditions;

       (c)    Correcting unsafe conditions;

       (d)    Warning of unsafe conditions; and

       (e)    Injuries.

**REQUEST NO. 6:**   Please produce any witness statements taken in connection with any investigation you performed as a result of the incident that is the subject of this lawsuit. If you contend any document is protected by the work product doctrine, please specify the exact date and time that you anticipated litigation and produce a privilege log.

**REQUEST NO. 7:**   Please produce the Defendant's complete investigative file regarding the incident that is the subject of this lawsuit.  If you contend any document is protected by the work product doctrine, please specify the exact date and time that you anticipated litigation and produce a privilege log.

**REQUEST NO. 8:**   Please produce all incident reports regarding the incident that is the subject of this lawsuit.

**REQUEST NO. 9:**   Please produce all manufacturer's written materials relative to any equipment, machinery, fixture, or property identified in response to Interrogatory No. 19.

**REQUEST NO. 10:** Please produce a copy of your complete file, including, but not limited to, documents reflecting contracts, bids, invoices, any disciplinary action, job duties, applications, certifications, credentials, education, evaluations, background checks, and any reason for termination, if any, of the person(s) identified in response to Interrogatory No. 12.

**REQUEST NO. 11:**   Please produce all training records of the person(s) identified in response to Interrogatory No. 13.

**REQUEST NO. 12:**   Please produce any diagrams, blueprints, drawings, or any other type of document or image depicting the layout of the area where the incident that is the subject of this lawsuit occurred.

**REQUEST NO. 13:**  Please produce a copy of any and all reports relative to the subject incident or injuries prepared by any expert witness or lay witness identified in response to interrogatories in this cause.

**REQUEST NO. 14:**  Please produce a copy of your training materials, manuals, memoranda, instructions, or any other documents discussing photo booths.

**REQUEST NO. 15:**  Please produce a copy of your training materials, manuals, memoranda, instructions, or any other documents discussing correcting unsafe conditions.

**REQUEST NO. 16:**  Please produce a copy of your training materials, manuals, memoranda, instructions, or any other documents discussing warning of unsafe conditions.

**REQUEST NO. 17:**  Please produce a copy of any and all documents, photographs, memoranda, contracts, leases, agreements, invoices, records, recordings, video, and/or other materials upon which you intend or expect to use at the trial in this lawsuit.

**REQUEST NO. 18:**  Please produce a copy of any and all reports, medical records, and/or other documents of any kind pertinent to your response to Interrogatory No. 6.

**REQUEST NO. 19:**  Please produce a copy of any and all reports, medical records, and/or other documents of any kind pertinent to your response to Interrogatory No. 7.

**REQUEST NO. 20:**  Please produce a copy of any complaint, and any and all documents pertinent thereto, identified in response to Interrogatory No. 8.

**REQUEST NO. 21:**  Please produce a copy of any and all reports, medical records, and/or other documents of any kind pertinent to your response to Interrogatory No. 9.

**REQUEST NO. 22:**  Please produce a copy of any complaint, and any and all documents pertinent thereto, identified in response to Interrogatory No. 10.

**REQUEST NO. 23:**  Please provide a copy of any and all documents of any kind pertinent to your response to Interrogatory No. 15.

**REQUEST NO. 24:**  Please provide a copy of any and all repair and/or maintenance records of any kind pertinent to your response to Interrogatory No. 21.

**REQUEST NO. 25:**  To the extent not encompassed by any previous request, please provide a complete and legible copy of each document identified, referred to, or relied upon in answering the interrogatories propounded by the Plaintiff.  In responding to this request, please specify which documents pertain to which response.

**REQUEST NO. 26:**  Please produce a copy of any and all documents, photographs, memoranda, contracts, leases, agreements, invoices, records, recordings, videos, and/or other

materials, not otherwise provided in response to the requests herein propounded, upon which you intend or expect to use at the trial in this lawsuit.

**REQUEST NO. 27:** Please produce a copy of any and all photographs, diagrams, videotapes, surveillance tapes, recordings, reports, records, incident reports, memoranda, and/or other materials depicting or discussing the incident, the scene of the incident, and/or the period of time twelve hours before and after the incident, not otherwise provided in response to the requests herein propounded. If any of the documents are classified as protected by attorney-client privilege, please identify the documents with particularity and the basis of the claim such that the applicability of the privilege can be assessed.

**REQUEST NO. 28:** Please provide all documents, including inter-office memoranda, training manuals, and written instructions of any kind pertaining to the maintenance of your properties generally and/or the property where this incident occurred specifically.

**REQUEST NO. 29:** Please provide a copy of photographs, diagrams, maps, or any other document depicting the area where the incident occurred showing the condition of the area on June 12, 2021, or as close as possible thereto.

**REQUEST NO. 30:** Please produce copies of any agreements, including, but not limited to, contractor agreements, regarding the property where the incident occurred in effect as of the date of this incident.

**REQUEST NO. 31:**  Please produce copies of any documents which refer to any inspection made of the property where this incident occurred on the date of this incident, prior to the time the incident occurred, and/or subsequent to the time of this incident.

Respectfully submitted:

_Elissa M. Coombs_

Elissa M. Coombs (B.P.R. #22209)
David E. Gordon (B.P.R. #9973)
Attorneys for Plaintiff
1850 Poplar Crest Cove, Suite 200
Memphis, TN  38119
(901) 302-9125 – phone
(901) 432-2292 – fax
emc@davidgordonlaw.com
davidg@davidgordonlaw.com

- 7 -